UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTOPHER JAMES, <br> Plaintiff, <br> v. <br> COUNTY OF ALAMEDA, *et al.*, <br> Defendants. | Case No. 14-cv-01956-JD <br><br> **ORDER DISMISSING CASE** |

Plaintiff, a state prisoner, has filed a pro se civil rights complaint under 42 U.S.C. § 1983. He has been granted leave to proceed in forma pauperis.

**DISCUSSION**

I.   **STANDARD OF REVIEW**

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). In its review, the Court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *Id*. at 1915A(b)(1),(2). Pro se pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Although a complaint "does not need detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . . Factual allegations must be enough to raise a right to relief above

the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted). A complaint must proffer "enough facts to state a claim to relief that is plausible on its face." *Id*. at 570. The United States Supreme Court has explained the "plausible on its face" standard of *Twombly*: "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged deprivation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

## II.   LEGAL CLAIMS

Plaintiff seeks money damages due to his imprisonment.

In order to recover damages for an allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a 42 U.S.C. § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus. *Heck v. Humphrey*, 512 U.S. 477, 486-487 (1994).

Plaintiff was convicted and sentenced in 1995 and is currently incarcerated at San Quentin State Prison. Plaintiff states that he was recently reviewing documents related to his conviction and noticed there were errors. Plaintiff has included the sentencing transcript and abstract of judgment from 1995 that indicate he was sentenced to an indeterminate term of 26 years to life. Plaintiff states that these documents are incorrect and he was sentenced to a determinate term of 26 years and he should be released based on his earned credits. In this civil rights action, plaintiff seeks money damages from the court reporter and court clerks, who according to plaintiff, deliberately and maliciously misstated his sentence. Plaintiff's presents no evidence that his sentence is incorrect other than his own statements. Nor has plaintiff shown that his conviction

has been reversed or expunged in order to obtain money damages.  Court records indicate that plaintiff filed a federal habeas petition that was dismissed on November 19, 2001.  *See James v. Ramirez-Palmer*, No. C 01-3893 CRB (PR).  Plaintiff's motion in the Ninth Circuit to file a second or successive petition was denied on October 19, 2007.  *See James v. Sisto*, No. C 07-3926 CRB (PR), Docket No. 7.  Plaintiff's claim is barred by *Heck*.

"A pro se litigant must be given leave to amend his or her complaint unless it is 'absolutely clear that the deficiencies of the complaint could not be cured by amendment.'"  *Karim–Panahi v. Los Angeles Police Dept.*, 839 F.2d 621, 623 (9th Cir. 1988) (citations omitted).  "Under Ninth Circuit case law, district courts are only required to grant leave to amend if a complaint can possibly be saved.  Courts are not required to grant leave to amend if a complaint lacks merit entirely."  *Lopez v. Smith*, 203 F.3d 1122, 1124 (9th Cir. 2000); *see also, Smith v. Pacific Properties and Development Corp.*, 358 F.3d 1097, 1106 (9th Cir. 2004), citing *Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995) ("a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not be cured by the allegation of other facts.").  This appears to be one of those relatively rare cases when to grant plaintiff further leave to amend would be patently futile because plaintiff's conviction has not been reversed or expunged to allow a suit for money damages.  This case is dismissed without leave to amend.  Should plaintiff's conviction be reversed or expunged he may then file a 42 U.S.C. § 1983 action.

## CONCLUSION

1.  The complaint is **DISMISSED** without leave to amend for the reasons set forth above.

2.  The Clerk shall close this case.

**IT IS SO ORDERED.**

Dated: June 4, 2014

_____
JAMES DONATO
United States District Judge

14-cv-01956-JD-_dis